IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL REIGHLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-320-M-BN |
| | § | |
| THE STATE OF TEXAS, ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Reighley, through counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254, requesting that the Court intervene in his state criminal proceedings "to prevent an unlawful conviction based on a facially unconstitutional state statute and to negate [his] continued unlawful detention/restriction." Dkt. No. 2. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas petition without prejudice to Reighley's right to pursue and exhaust available state court remedies.

**Applicable Background**

Reighley, released on bond, is charged with solicitation of a minor, and his trial is scheduled to begin on February 19, 2018 in state court in Johnson County. *See* Dkt.

No. 2 at 2, 6.

> Said offense is alleged to have been committed in Johnson County, Texas before September 1, 2015. Petitioner allegedly had sexual conversations via Craigslist, Google email and/or Yahoo email. During such alleged conversations Petitioner made numerous efforts to confirm that the current conversations involved role play and/or fantasy. Petitioner was ultimately arrested in Johnson County, Texas by law enforcement. Upon arrest, no additional forms of illegal contraband or illegal activity were discovered on Petitioner's phone and/or other technological items. Petitioner has no other criminal history.

*Id.* at 2.

Reighley has pursued pretrial habeas relief in the state courts, requesting that Section 33.021(c) and (d) of the Texas Penal Code be declared unconstitutional – specifically, that those subsections "contradict each other on the intent element, thereby causing the statute to be internally inconsistent and unconstitutional on its face." *Ex parte Reighley*, No. 10-16-00225-CR, 2017 WL 3927192, at *1 (Tex. App. – Waco Sept. 6, 2017, no pet.).

The trial court in Johnson County denied his habeas petition. And, on September 6, 2017, the Waco Court of Appeals dismissed his appeal for lack of jurisdiction. *See id.* ("In *Ex Parte Ingram*, the defendant also argued that Subsections (d)(2) and (d)(3) are unconstitutional because they impermissibly negate the mens rea requirement of the statute. The [Texas Court of Criminal Appeals ("CCA")] held that issue is not cognizable on a pre-trial writ of habeas corpus. Therefore, we do not have jurisdiction to consider Reighley's arguments on appeal." (citing *Ex parte Ingram*, No. PD-0578-16, 2017 WL 2799980 (Tex. Crim. App. June 28, 2017))). Thereafter, Reighley did not petition the CCA for discretionary review.

**Legal Standards and Analysis**

Relief under Section 2254 is not available to Reighley, as he is not "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). But "Section 2241 is still 'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

And "[a] state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006).

The conditions of Reighley's release pretrial on bond, *see* Dkt. No. 2 at 6, satisfy the first, "in custody" requirement, *see, e.g., Montes v. Cornyn*, No. 4:02-cv-790-Y, 2002 WL 31495972, at *2 (N.D. Tex. Nov. 5, 2002) ("[E]ven though Montes is released on an appearance bond, because he may be obligated to appear at times and places ordered by a court, he is deemed to be 'in custody' for the purposes of § 2241." (citing *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973))).

But Reighley also must exhaust "his available state remedies." *Ray*, 2006 WL 2842122, at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an

exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by an currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir . 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Although he appears to argue that the CCA's consideration of Subsections (d)(2) and (d)(3)'s constitutionality in *Ingram* satisfies the exhaustion requirement, *see* Dkt. No. 2 at 6, 13-18, Reighley has not presented ***his*** claim to the CCA. And he has not demonstrated exceptional circumstances that justify this Court's considering his federal habeas petition on the eve of his state criminal trial.

## Recommendation

The Court should dismiss the pending habeas action without prejudice to Petitioner Michael Reighley's right to pursue and exhaust available state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2018

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE