IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL REIGHLEY, | § | |
| Petitioner, | § § § | |
| V. | § | No. 3:18-cv-320-M-BN |
| THE STATE OF TEXAS, ET AL., | § § § | |
| Respondents. | § § | |

**MEMORANDUM OPINION AND ORDER QUASHING FEDERAL
RULE OF CIVIL PROCEDURE 4 SUMMONSES**

Petitioner Michael Reighley, through counsel, filed a pretrial petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254, requesting that the Court intervene in his state criminal proceedings "to prevent an unlawful conviction based on a facially unconstitutional state statute and to negate [his] continued unlawful detention/restriction." Dkt. No. 2. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The same day this action was filed, the undersigned entered findings of fact, conclusions of law, and a recommendation that the petition, construed as one under Section 2241, be denied without prejudice to Reighley's right to pursue and exhaust available state court remedies. *See* Dkt. No. 4 (the "FCR"). The FCR, to which Reighley filed objections, *see* Dkt. No. 11, is pending.

But, after entry of the FCR, Respondents Ken Paxton and William Bosworth

-1-

moved to quash the Federal Rule of Civil Procedure 4 summonses issued to them by Reighley. *See* Dkt. No. 9. Reighley has responded to the motion. *See* Dkt. No. 11. And for the following reasons, the Court grants the motion to quash.

**Legal Standards and Analysis**

Because the motion requesting that the Rule 4 summonses be quashed will not itself dispose of this action, a magistrate judge may rule on the motion as a pretrial matter under 28 U.S.C. § 636(b)(1)(A).

And it does not matter for purposes of the motion to quash whether the Court treats Reighley's habeas petition as one under Section 2241 or Section 2254, as the rules governing Section 2254 proceedings generally apply to proceedings under Section 2241. See RULE 1(b), RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

Under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4"), a district court may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

The Advisory Committee Notes to Habeas Rule 4 further explains:

> It has been suggested that an answer should be required in every habeas proceeding, taking into account the usual petitioner's lack of legal expertise and the important functions served by the return. However, under [28 U.S.C.] § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. In addition, "notice" pleading is not sufficient, for the petition is expected to state facts that point to a "real possibility of constitutional error."

RULE 4, RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS advisory committee's note, 1976 Adoption (citations omitted); *see also Hilton v. Braunskill,* 481 U.S. 770, 775 (1987) ("Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'").

While "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2254 Cases] may be applied to a [habeas] proceeding," RULE 12, RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, allowing service of a habeas petition under Federal Rule of Civil Procedure 4 would interfere with the Court's duty to screen a habeas petition under Section 2243 and Habeas Rule 4 prior to requiring a response to the petition. Rule 4 is therefore inconsistent with the procedures governing the Court's management of habeas petitions. *See Hutton v. West Virginia*, No. 1:13CV186, 2014 WL 856489, at *6 (N.D. W. Va. Mar. 5, 2014) ("[T]he initiation of a habeas petition is quite different from the filing of a traditional civil complaint, which requires a plaintiff to summon a defendant to answer, in that here, the judge orders the respondents to answer. Moreover, no court has found that Rule 4 of the

Federal Rules of Civil Procedure applies in habeas proceedings." (citation omitted)); *see also Schaub v. Knab*, No. 3:10-cv-233, 2010 WL 2541357, at *2 (S.D. Ohio June 18, 2010) ("Under Rule 4, a habeas corpus respondent is to be served only on order of the court. Accordingly, the Summons is quashed and Petitioner's counsel is ordered to return it to the Clerk unserved." (emphasis omitted)).

## Conclusion

The Court GRANTS Respondents' Motion to Quash Service of Process [Dkt. No. 9].

SO ORDERED.

DATED: March 6, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE