IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MICHAEL REIGHLEY, | § | |
| --- | --- | --- |
| Petitioner, | § | |
| V. | § | No. 3:18-CV-320-M |
| THE STATE OF TEXAS, ET AL., | § | |
| Respondents. | § | |

**ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this case, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated February 8, 2018 [Dkt. No. 4] and the objections filed by Petitioner Michael Reighley [Dkt. Nos. 11, 12, & 14], to which no response was filed, the Court finds that the Findings, Conclusions, and Recommendation of the magistrate judge are correct, and they are accepted.

However, the Court will address the assertion in Reighley's objections that because since he filed his habeas petition, Reighley has been convicted and sentenced in state court, the Court should convert his petition to one under 28 U.S.C. § 2254 and allow it to proceed here even though Reighley has not "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

Even if the petition filed here prior to Reighley's conviction in state court is converted to one under Section 2254, Reighley offers no credible reason why the Court

-1-

should excuse the exhaustion requirement. He does not – and cannot – argue that there is no "available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i).

But Reighley does appear to argue that appointment-of-counsel issues in the state trial court may be interfering with his ability to file a timely direct appeal. Even if that may be the case, Reighley has not shown that those issues "render [the State corrective] process ineffective to protect [his] rights." *Id.* § 2254(b)(1)(B)(ii); *cf. Martinez v. Johnson*, 255 F.3d 229, 238 n.10 (5th Cir. 2001) (holding that "failure to provide 'competent' counsel for a state habeas petition does not fall under the general catch-all exception provided in 28 U.S.C. § 2254(b)(1)(B)(ii)").

The Court also rejects Reighley's argument that the exhaustion requirement should be excused. The United States Court of Appeals for the Fifth Circuit

> has questioned whether the futility exception, which existed pre-AEDPA, exists post-enactment. Nonetheless, courts have recognized AEDPA's statutory language implies the exception is viable and have continued to apply it. *Jones v. Jones*, 163 F.3d 285, 298 (5th Cir. 1998) ("Our court has not addressed whether the futility exception ... survived AEDPA's enactment. But, ... the language of § 2254(b)(1)(B) is substantially identical to the language of pre-AEDPA § 2254(b), upon which the ... exception appears to be based."). *See Fisher v. Texas*, 169 F.3d 295, 303 (5th Cir. 1999) (applying exception).

*Lewis v. Cockrell*, 58 F. App'x 596, 2003 WL 261847, at *4 (5th Cir. 2003) (per curiam) (citations modified).

In *Lewis*, the Fifth Circuit assumed the futility exception exists and then noted that

> [t]he exception is quite limited, applying only "when ... the highest state court has *recently* decided the *same* legal question adversely to the

petitioner". *Id.* (emphasis added). But, "the likelihood of failure of a claim in state court is *no* excuse for *not* presenting it there." *Beazley v. Johnson*, 242 F.3d 248, 269 (5th Cir.) (emphasis in original) (citing *Engle v. Isaac*, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may *not* bypass the state courts simply because he thinks they will be unsympathetic to the claim. *Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.*" (second emphasis added))).

*Id.* (citations modified and emphasis in original). "Therefore, to excuse exhaustion, [Reighley] must show far more than a likelihood of failure. He must show: the state court had a full and fair opportunity to decide the same issue in a recent case; and interests of comity and federalism are served by excusing the failure to exhaust." *Id.*

As reflected in the Findings, Conclusions, and Recommendation, prior to filing this action, Reighley pursued pretrial habeas relief in the state courts, requesting that Section 33.021(c) and (d) of the Texas Penal Code be declared unconstitutional – specifically, that those subsections "contradict each other on the intent element, thereby causing the statute to be internally inconsistent and unconstitutional on its face." *Ex parte Reighley*, No. 10-16-00225-CR, 2017 WL 3927192, at *1 (Tex. App. – Waco Sept. 6, 2017, no pet.).

The trial court in Johnson County denied his habeas petition. And, on September 6, 2017, the Waco Court of Appeals dismissed his appeal for lack of jurisdiction. *See id.* ("In *Ex Parte Ingram*, the defendant also argued that Subsections (d)(2) and (d)(3) are unconstitutional because they impermissibly negate the mens rea requirement of the statute. The [Texas Court of Criminal Appeals ("CCA")] held that

issue is not cognizable on a pre-trial writ of habeas corpus. Therefore, we do not have jurisdiction to consider Reighley's arguments on appeal." (citing *Ex parte Ingram*, 533 S.W.3d 887 (Tex. Crim. App. 2017))).

Reighley now urges the Court to conclude that the CCA's recent consideration of the same legal question in *Ingram* allows this action to go forward under Section 2254 without the need for Reighley to exhaust his claims in state court. But, as Reighley concedes, the CCA in *Ingram* "did in fact dismiss the same statutory facial issue being presented as premature since respondent had yet to be convicted." Dkt. No. 11 at 7. Regardless, he continues, the CCA "continued in great detail in providing its analysis on how it would still hold such statute constitutional." *Id.*; *see, e.g.*, *Ingram*, 553 S.W.3d at 892-93 ("It follows that an anti-defensive issue is not law applicable to the case at the pretrial habeas stage. That is a problem for appellant because, even in the First Amendment context, a defendant has standing to challenge a statute only if it is being invoked against him. At this juncture, subsections (d)(2) and (d)(3) have not been invoked in appellant's case, and, therefore, he cannot meet the basic standing requirement necessary to obtain relief.... Standing concerns aside, the fact that a freestanding anti-defensive issue does not become law applicable to the case until raised by the evidence means that a constitutional challenge involving such an issue is one that requires record development to substantiate.... [U]nless the defendant relies upon a constitutional right that includes a right to avoid trial, developing the record at a pretrial habeas proceeding is inappropriate, and so it follows that the proper remedy would be to litigate the constitutionality of a freestanding anti-defensive issue

at trial if the issue is raised by the evidence at trial." (footnotes omitted)).

In *Ingram*, the standing issues related to challenging the statute prior to trial prevented the CCA from directly addressing the legal question that Reighley now wants this Court to decide – apparently, for the first time in a post-conviction posture and without the benefit of the Texas's highest court weighing in on the issue in that posture. This Court cannot therefore find that exhaustion is futile. After all, it is possible that the CCA, in the posture of Reighley's case, "may decide, upon reflection, that the contention [raised in *Ingram*] is valid." *Engle*, 456 U.S. at 130. At the very least, comity and federalism require that this Court afford the CCA a "full and fair opportunity to decide the same issue" in a post-conviction context. *Lewis*, 2003 WL 261847, at *4.

**IT IS, THEREFORE, ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted. And the Court **DISMISSES** this habeas petition without prejudice to Petitioner Michael Reighley's right to pursue and exhaust available state court remedies.

**SO ORDERED** this 9th day of March, 2018.

BARBARA M. G. LYNN
CHIEF JUDGE